IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ATHOLEE STRICKLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-279-M-BR |
| | § | |
| UNKNOWN DEFENDANTS, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS CIVIL RIGHTS COMPLAINT

On December 4, 2020, Plaintiff, an inmate at the Texas Department of Criminal Justice ("TDCJ") Clements Unit, submitted correspondence to this Court which was filed of record as a civil rights complaint. (ECF 3). By his complaint, Plaintiff makes allegations of retaliation, failure to protect, and deliberate indifference. *See id*.

On June 21, 2021, the undersigned United States Magistrate Judge entered a *Notice of Deficiency* requiring Plaintiff to submit a motion to proceed *in forma pauperis* and his inmate trust account data sheet or pay the $402 filing and administrative fee. (ECF 4). Additionally, the *Notice of Deficiency* required the Plaintiff to submit his complaint on the proper form to identify the Defendants and to submit any grievances Plaintiff had filed about his complaint. *See id.* Plaintiff was given until July 22, 2021 to cure these deficiencies. *See id*. Plaintiff was warned his failure to fully and timely comply with the *Notice of Deficiency* could result in the immediate recommendation that this case be dismissed without further notification.

As of this date, Plaintiff has not filed a response to the Court's *Notice of Deficiency* as specifically directed. The Court has given Plaintiff ample opportunity to comply with its orders,

yet Plaintiff has failed to file any response whatsoever to the Court's orders. In fact, Plaintiff has not communicated with the Court, in any manner, with regard to this case since the initial filing of his pleading on December 4, 2020.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff is in direct disregard of the Court's June 21, 2021 *Notice of Deficiency*. The undersigned finds Plaintiff's failure to comply with an Order of the Court warrants dismissal. Accordingly, Plaintiff's civil rights complaint should be DISMISSED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Chief United States District Judge that the civil rights complaint filed by plaintiff Atholee Strickland be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 10, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).